**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Sam Joseph RICO, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Sam Joseph Rico, Defendant—Appellee.**

**Nos. 05–10315, 05–10420.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 18, 2006.

Decided May 26, 2006.

David P. Petermann, Esq., USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee/Plaintiff–Appellant.

Thomas L. Fink, Esq., Law Offices of Thomas L. Fink, Nogales, AZ, for Defendant–Appellant/Defendant–Appellee.

Before: B. FLETCHER, KOZINSKI, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Sam Joseph Rico was convicted of two counts of transportation of illegal aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(iii). Rico challenges the legality of the stop and appeals the district court's denial of his motion to suppress. The government cross-appeals the sentence.

We affirm the denial of the motion to suppress and remand for resentencing.[1]

### I.

Rico argues that the stop of the vehicle was not supported by reasonable suspicion. Whether an investigatory stop is supported by reasonable suspicion is a mixed question of fact and law that is reviewed de novo. *United States v. Diaz–Juarez,* 299 F.3d 1138, 1140 (9th Cir.2002). The underlying factual determinations are reviewed for clear error. *Id.*

The Fourth Amendment's protection against unreasonable searches and seizures extends to investigatory stops of vehicles by the Border Patrol; such stops must be supported by reasonable suspicion. *See United States v. Brignoni–*

*Ponce,* 422 U.S. 873, 881–83, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). In determining whether the agent had reasonable suspicion of criminal activity, courts look at the totality of the circumstances. *United States v. Arvizu,* 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

■ Rico was traveling away from the border in the middle of the night, on a stretch of road that accessed only three small Tohono O'Odham Indian villages. There were no national parks, shopping centers, or other attractions nearby, and the car did not have a rear license plate, so Agent Grupe could not verify whether the occupants were from the area. The car was heavily-laden, indicating weight in the trunk. The district court did not err in concluding that the stop was supported by reasonable suspicion of a trafficking offense.

### II.

■ A sentencing court can consider conduct of which the defendant has been acquitted, so long as it has been proved by a preponderance of the evidence. *United States v. Watts,* 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). *Watts* is still good law after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Cf. United States v. Johnson,* 444 F.3d 1026, 1030 (9th Cir.2006). Rico conceded during oral argument that the district court erred in refusing to consider acquitted conduct that may have satisfied U.S.S.G. § 2L1.1(b)(5). Because the district court incorrectly applied the advisory Sentencing Guidelines, we remand for resentencing so that the district court may determine whether a preponderance of the evidence indicates that Rico intentionally

---

1. Because the parties are familiar with the facts of this case, we recite them only as necessary to our decision.

and recklessly created a substantial risk of death or serious bodily injury to the aliens he was convicted of transporting. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006).

### III.

We AFFIRM the district court's denial of Rico's motion to suppress and REMAND for resentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts